UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
JOSE IGNACIO, on behalf of
himself and others similarly situated,

                              Plaintiff,      **COMPLAINT**

      -against-                                   **CLASS ACTION**

JIANGNANNJ LLC d/b/a JIANGNAN NJC and LEI CHEN,  **FLSA COLLECTIVE ACTION**
individually,

                            Defendants.
------------------------------------------------------------------------X

Plaintiff Jose Ignacio ("Plaintiff" or "Ignacio"), individually and on behalf of others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Jiangnannj LLC d/b/a Jiangnannj NJC ("Jiangnannj"), and Lei Chen ("Chen"), individually (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff on behalf of himself and all similarly situated kitchen workers ("Kitchen Workers") who worked for Defendants to recover unpaid minimum wage compensation, overtime compensation and unpaid earned wages owed to them pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. 34:11-56(a) *et seq.*, ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, ("NJWPL"), respectively.

2. Plaintiff and his similarly situated coworkers worked in the kitchen at restaurants owned and/or operated by Jiangnan (the "Jiangnan Restaurants").

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former kitchen workers who elect to opt-in to this action pursuant to the FLSA,

29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour and wage notice provisions of the FLSA at the Jiangnan Restaurants.

4. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay minimum wage, overtime wages, unpaid earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

5. Plaintiff further complains on behalf of himself and a class of similarly situated Kitchen Workers who worked for Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to unpaid overtime pay, unlawfully being classified as an independent contractor, unpaid earned wages, unpaid minimum wages and attorneys' fees and interest from Defendants for their work under the NJWHL.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b) and (c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff Jose Ignacio

9. Plaintiff is and was at all times relevant hereto an adult individual residing in Queens County, New York.

10. From on or about March 5, 2023, until on or about November 27, 2023, Plaintiff worked for Defendants.

11. Plaintiff was employed as a kitchen worker for Jiangnannj.

12. Plaintiff was a covered employee within the meaning of the FLSA, NJWHL, and NJWPL.

### Defendant Jiangnannj LLC

13. On information and belief, Jiangnannj LLC is a business incorporated in the State of New Jersey, operating in the restaurant industry, with its principal place of business located at 97 Montgomery St, Jersey City, NJ 07302.

14. At all times relevant to this action, Jiangnannj was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. On information and belief, Chen is the owner of Jiangnannj.

16. Chen is a registered agent for Jiangnannj.

17. On information and belief, Chen owns and maintains control, oversight, and direction over Jiangnannj.

18. On information and belief, Jiangnannj (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

19. Defendant Jiangnannj employs similarly situated employees of the FLSA Collective at all times relevant.

**<u>Defendant Lei Chen</u>**

20. Chen is a person engaged in business in Hudson County, who is sued individually in his capacity as an owner, officer and/or agent of Jiangnannj.

21. On information and belief, Chen maintains control, oversight and direction over Jiangnannj.

22. On information and belief, Chen exercises sufficient control over Jiangnannj to be considered Plaintiff's employer under the FLSA, NJWHL, and NJWPL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

23. Defendant Chen employed Plaintiff and similarly situated employees at all times relevant.

24. Defendant Chen had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

## **<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

25. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective includes all of the Jiangnan Restaurants.

27. Presently, the FLSA Collective consists of approximately 100 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them overtime wages.

28. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA.

29. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

30. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

31. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

32. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

33. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with the FLSA; and anything otherwise required by law.

34. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA.

## CLASS ALLEGATIONS

35. Plaintiff sues on his own behalf and on behalf of classes of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

36. Plaintiff Ignacio bring his NJWHL claims on behalf of all persons who worked for Defendants in the New Jersey restaurants as a Kitchen Worker from December 7, 2017, to entry of judgement in this case (the "Class" or "Class

Members," and the "Class Period," respectively) (herein after unless otherwise specified the "Class" refers to all named plaintiffs and the putative class).

37. The persons in the Class are so numerous that joinder of all members is impractical. Although the precise number of such persons in unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 100 members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where Plaintiff like the Class here lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Defendants have acted on grounds generally applicable to the Class thereby making declaratory relief appropriate.

38. There are questions of law and fact common to the Class which predominate over any questions solely affecting individual members of the Class, including:

    i. whether Defendants failed to pay Plaintiff and the Class overtime wages at a wage rate of one and one-half times their regular rate under the NJWHL for hours worked in excess of forty hours per week;

    ii. whether Defendants failed to comply with the record keeping requirements of the NJWHL;

    iii. Whether Defendants unlawfully categorized Plaintiff and the class as independent contractors.

39. Class certification of Plaintiff Ignacio Jose's NJWHL overtimes claims are appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the Class are entitled to injunctive relief to end Defendants' common and uniform policy and practice of denying them the wages to which they are entitled.

## STATEMENT OF FACTS

**The Jiangnan Restaurants**

40. Jiangnan operates multiple restaurants throughout the East Coast.

41. Per Jiangnan's website, their mission is to "offer an indulgent and comforting dinning experience featuring the best Chinese fusion flavors and ethical cooking practices."

42. The Jiangnan Restaurants are in New York, New Jersey, MA and Pennsylvania.

43. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate overtime compensation as required by federal and state laws.

44. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NJWHL by, *inter alia*, not paying him for all hours worked and time and a half for work performed after 40 hours.

**Plaintiff's Employment with Jiangnannj**

45. Plaintiff worked for Defendants at the 97 Montgomery St., Jersey City, NJ 07302 location.

46. From on or about March 5, 2023, to on or about November 27, 2023, Plaintiff worked as a Kitchen Worker on behalf of Defendants.

47. From on or about March 5, 2023, until August 2023, Plaintiff worked in the kitchen as a "prep cook."

48. As a prep cook, Plaintiff's duties included food cutting vegetables and food preparation.

49. From on or about August 2023 until November 2023, Plaintiff worked as a "fry cook."

50. As a fry cook, Plaintiff worked operating the deep fryer in the kitchen.

51. Plaintiff's worked for Defendants six days a week.

52. Plaintiff's schedule was as follows: Monday, Tuesday, Thursday, Friday, Saturday and Sunday, from 11 a.m. to 9 p.m.

53. From on or about March 2023 until July 2023, Plaintiff was paid $7.50 hourly.

54. Plaintiff was paid in currency (cash) for all hours worked including hours after 40 hours.

55. From on or about August 2023 until November 2023, Plaintiff was paid $8.50 hourly.

56. Plaintiff was paid in currency (cash) for all hours worked including hours after 40 hours.

57. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

58. Throughout his employment with Defendants, Plaintiff was not compensated for overtime in compliance with the FLSA and NJPWL.

59. At no point in time did Defendants discuss with Plaintiff what, if any, would be his overtime rate of pay.

60. Plaintiff was supposed to have an hour of lunch break every day he worked.

61. However, on or about 10 occasions, Plaintiff was not allowed to take his lunch break.

62. Defendants never provided Plaintiff with a written wage notice in English and his native language Spanish, setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

63. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a statement or any other documentation of his hours worked during that pay period or his rate of pay.

64. At the beginning of Plaintiff's employment, Defendants gave Plaintiff documents and required him to sign them.

65. These documents were written entirely in Chinese, and, thus, were not understood by Plaintiff, whose native language is Spanish.

66. Plaintiff was not required to clock in or clock out in the course of his employment.

67. During Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

## FIRST CAUSE OF ACTION
### Unpaid Minimum Wages in Violation of New Jersey Wage and Hour Law
### (On Behalf of Plaintiff and the Class)

68. Plaintiff, on behalf of himself and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

69. At all times relevant to this action, Plaintiff and the Class were employed by Defendants within the meaning of the NJWHL.

70. Defendants failed to pay Plaintiff and the Class minimum wage for hours worked in violation of the NJWHL.

71. Through their knowing or intentional failure to pay Plaintiff and the Class minimum wages for hours worked, Defendants have willfully violated the NJWHL. N.J.S.A. 34:11-56(a) *et seq*, and the supporting New Jersey Division of Wage and Hour Compliance.

72. Due to Defendants' willful violations of the NJWHL, Plaintiff and the Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NJWHL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
### (On Behalf of Plaintiff and the FLSA Collective)

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. The FLSA Collective consists of all restaurants owned and operated by Defendants throughout the east coast.

75. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

76. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

77. At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

78. Defendants' decision not to pay overtime was willful.

79. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

### THIRD CAUSE OF ACTION
### New Jersey Wage and Hour Law – Unpaid Overtime Wages
### (On Behalf of Plaintiff and the Class)

80. Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

81. At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been the employer of Plaintiff and the Class within the

meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

82. At all times relevant, Plaintiff and the Class was covered by the NJWHL.

83. At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff and the Class for each hour worked in excess of 40 in a week at a rate of time and one-half their regular rate of pay.

84. At all times relevant Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff and the Class at one and one-half their regular rate of pay.

85. Defendants failed to pay Plaintiff and the Class the overtime wages to which they were entitled under the NJWHL and the supporting New Jersey Department of Labor Regulations.

86. Defendants' failure to pay required overtime was willful.

87. Through their knowledge and intentional failure to pay overtime wages to Plaintiff and the Class, Defendants have willfully violated the NJWHL, N.J.S.A. §34:11-56(a), *et seq*. and the supporting New York State Department of Labor Regulations.

88. Due to Defendants' willful violations of the NJWHL, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest as provided by the NJWHL.

**FOURTH CAUSE OF ACTION**
**New Jersey Wage Payment Law – Failure to Pay Earned Wages**
**(On Behalf of Plaintiff and the Class)**

89. Plaintiff and the Class realleges and incorporates by reference all allegations in all preceding paragraphs.

90. NJWPL § 34:11-4.2 *et seq*. requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

91. Defendants are employers within the meaning of the NJWPL and Plaintiff and the Class are employees within the meaning of the NJWPL.

92. Plaintiff and the Class consistently worked more than 40 hours per week, and thus, are entitled to overtime pay.

93. Defendants did not pay Plaintiff and the Class the full amount of wages due to them each pay period.

94. Overtime pay is part of Plaintiff and the Class's "wages" and therefore, in violation of Wage Payment Law N.J.S.A. 34:11-4.2, Defendants failed to pay Plaintiff and the Class the full amount of wages due on regular pay days, as they were required.

95. Defendants' action in failing to pay Plaintiff and the Class their earned wages were willful and not based on any good faith belief and were in violation of the New Jersey Wage Payment Law N.J.S.A. 34:11-4.10. Plaintiff and the Class are entitled to full payment for all wages due to them that were not paid.

96. As a result of Defendants' NJWPL violations, Plaintiff and the Class are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as

reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions.

## FIFTH CAUSE OF ACTION
### New Jersey Wage Payment Law – Failure to Provide Accurate Wage Notices
### (On Behalf of Plaintiff and the Class)

97. Plaintiff and the Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

98. Defendants willfully failed to supply Plaintiff and the Class with wage notices, as required by NJWPL in English or in the language identified by Plaintiff and the Class as their primary language, containing their rate of pay, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NJWPL.

99. Through their knowing or intentional failure to provide Plaintiff and the Class the wage notices required by the NJWPL, Defendants willfully violated NJWPL and the supporting New Jersey Department of Labor Relations regulations.

100. Due to Defendants' willful violations of NJWPL, Plaintiff and the Class are entitled to recover damages determined by the statute, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NJWPL.

## SIXTH CAUSE OF ACTION
### New Jersey Statutes Annotated Failing to Properly Classify Employees
### (On Behalf of Plaintiff and the Class)

101. Plaintiffs and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

102. Defendants willfully failed to properly classify employees under New Jersey Statutes Annotated 34:1A-1.18.

103. Due to Defendants' willful violations of the N.J. S.A., Plaintiff and the Class are entitled to recover damages determined by the statute, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NJWPL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Jiangnannj LLC and Lei Chen, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as class action pursuant to Rule 23 of the FRCP and appointing the named Plaintiff and their counsel to represent the putative Class;

(c) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(d) Damages for the unpaid overtime wages, illegal pay deductions, wages and notice damages due to Plaintiff and the putative Class, in an amount to be

determined at the trial of the action, liquidated damages, interest, attorneys' fees, and the cost of the action as provided by the NJWHL and NJWPL.

(e) For pre-judgment and post-judgment interest on the foregoing amounts;

(f) For the costs and disbursements of this action, including attorneys' fees; and

(g) For such other further and different relief as this Court deems just and proper.

Dated: December 7, 2023
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully submitted,

*/s/ Jacob Aronauer*_____
Jacob Aronauer
250 Broadway, Suite 600
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com